Opinion issued January 7, 2010




 



 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00117-CR

____________


TEODORO ESCOBAR ROBLES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1161114






MEMORANDUM OPINION


 Appellant, Teodoro Escobar Robles, was convicted of aggravated robbery, a
first degree felony, and sentenced to life imprisonment. On appeal, appellant argues
in his single point of error that the evidence was legally insufficient to support the
jury's verdict. Appellant contends that a fatal variance existed because the indictment
referred to the complainant as "Ali Abid," when the evidence adduced at trial showed
his name was in fact "Abid Ali." Because we hold that the variance was not material,
we overrule appellant's single point of error and affirm the judgment of the trial court. 

BACKGROUND

 Abid Ali was leaving his home in the early morning on April 4, 2008 when four
armed men approached him near his garage. The assailants forced Ali inside the
house where his wife, three children, and 87-year-old father were all still asleep. Ali
was then brought upstairs where his wife and children were being held at gunpoint.
The gunmen bound the family with duct tape, threatened to kill them, and demanded
valuables. Ali's eldest daughter had managed to call 9-1-1 before being discovered,
and the assailants attempted to flee when they heard the police arriving.

 Officer A. Daugherty was the first to respond to the 9-1-1 call. As he
approached the rear gate, three men carrying pillow cases exited the house and began
running. Officer Daugherty pursued two of the suspects who jumped the rear fence,
but saw the third suspect jump the northbound fence. 

 Shortly thereafter, a K-9 officer, Deputy T. Lauder, arrived on the scene and
located appellant hiding behind a fence two houses down from Ali's residence. Ali
and his daughter identified appellant as one of their attackers, and police found a
watch and a wallet on appellant that belonged to Ali.

 Appellant was subsequently indicted for aggravated robbery and the case
proceeded to trial. The indictment transposed Ali's first and last names, referring to
him as "Ali Abid." The State, however, noticed the error and received permission
from the trial court to correct the name in the jury charge during the guilt-innocence
phase. Counsel for appellant stated at that time that he had "no objection" to the
change. The jury found appellant guilty and assessed punishment at confinement for
life. The trial court entered judgment on the verdict, and appellant timely filed his
notice of appeal.STANDARD OF REVIEW

 In his single point of error, appellant contends that the evidence was legally
insufficient to support his conviction because the prosecution failed to prove the
victim's name as alleged in the indictment. When analyzing a claim of legal
insufficiency, we examine all evidence in the light most favorable to the prosecution
and will uphold the conviction if any rational trier of fact could have found the
essential elements of the charged crime beyond a reasonable doubt. Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

 "[W]hen faced with a sufficiency of the evidence claim based upon a variance
between the indictment and the proof, only a 'material' variance will render the
evidence insufficient." Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App.
2001). A reviewing court is to measure the evidentiary sufficiency against the
"elements of the offense as defined by the hypothetically correct jury charge." Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). This standard is to be applied
even in the absence of an allegation of error in the jury charge. See Gollihar, 46
S.W.3d at 255. Immaterial variances may be disregarded, but material variances must
be included in the hypothetically correct jury charge. Id. at 257. 

MATERIALITY OF VARIANCE

 A variance is material (1) when it fails to inform the defendant of the charge
against him so that it deprives him of the ability to present an adequate defense, or (2)
when it may subject the defendant to double jeopardy. See Gollihar, 46 S.W.3d at
257 (citing United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)).

 "[T]he 'law' as 'authorized by the indictment' must be the statutory elements
of the offense . . . as modified by the charging instrument." Curry v. State, 30 S.W.3d
394 (Tex. Crim. App. 2000). Appellant was convicted of aggravated robbery, which
is defined as intentionally or knowingly threatening or placing another in fear of
imminent bodily injury or death while using or exhibiting a deadly weapon during the
course of committing a theft with the intent to obtain or maintain control over the
property. Tex. Pen. Code Ann. §§ 29.02(a)(2), 29.03(a)(2) (Vernon 2003). The
victim's name is not a required element of the offense. However, the indictment must
identify the offense with sufficient specificity so as to bar future prosecution for the
same offense. Tex. Code Crim. Proc. Ann. art. 21.04 (Vernon 2009). 

 A variance between the indictment and the proof alleged at trial would be
material if the accused did not know whom he was accused of injuring or if he was
surprised by the proof presented at trial. See Fuller v. State, 73 S.W.3d 250, 254
(Tex. Crim. App. 2002). When, as here, a non-statutory fact alleged in the indictment
differs from a fact proven at trial, a material variance between the two facts will
compel acquittal. See id. at 25657. However, there is no indication in the record,
and appellant makes no argument on appeal, that he was in any way misled as to the
identity of the person he was being charged of robbing. He also never suggested any
surprise when the State requested to change the name of the victim used in the
indictment when creating the jury charge. An objection to the jury instructions must
be made before the final charge is read to the jury, and cannot be raised for the first
time on appeal. Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007); Seefurth v.
State, 422 S.W.2d 931, 935 (Tex. Crim. App. 1967). We therefore hold that the
variance here did not deprive appellant of fair notice so as to mandate acquittal. 

 A variance may also be deemed material if it could subject the defendant to the
possibility of being tried twice for the same crime. Gollihar, 46 S.W.3d at 257. 
When protecting against double jeopardy in the event of subsequent prosecution, a
court may refer to the entire record and is not restricted to the language used in the
indictment. Id. at 258 (citing United States v. Apodaca, 843 F.2d 421, 430 n.3 (10th
Cir.). In this case, the State, without objection by appellant, amended the jury charge
to correct Ali's name. Appellant is in no danger of being prosecuted again for the
aggravated assault against Ali occurring in April 2008. The variance is therefore
immaterial on this ground as well.

 The evidence in the case showed that appellant took Ali's property at gunpoint
after threatening to kill Ali and his family. Appellant does not challenge the
sufficiency of the evidence to prove the elements of aggravated robbery and the
evidence is legally sufficient.

CONCLUSION

 Because the variance did not deprive appellant of fair notice of the charges
against him, nor will it subject him to subsequent prosecution for the same crime, we
hold that it was immaterial. An immaterial variance is disregarded in a sufficiency
of the evidence review and is not included in the hypothetically correct jury charge. 
Gollihar, 46 S.W.3d at 257. The evidence presented at trial was legally sufficient to
prove the elements of aggravated robbery. Accordingly, we overrule appellant's sole
point of error and affirm the judgment of the trial court. 



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.


Do not publish. Tex. R. App. P. 47.2(b).